<u>**FOR PUBLICATION**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
------------------------------------------------------------x
In re:

                              Chapter 13
   Debra A. Murphy,                    Case No. 06-35347

                   Debtor.

------------------------------------------------------------x

### MEMORANDUM DECISION ON REQUEST
### PURSUANT TO 11 U.S.C. § 362(j) FOR AN ORDER
### <u>CONFIRMING THAT THE AUTOMATIC STAY HAS TERMINATED</u>

**<u>A P P E A R A N C E S</u> :**

Dennis Jose, Esq.
Steven J. Baum, P.C.
220 Northpointe Parkway
Amherst, New York 14228
*Attorneys for Citifinancial Mortgage Company*

**CECELIA G. MORRIS, U. S. B. J. :**

      Section 362(j) of the Bankruptcy Code, added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("<u>BAPCPA</u>") allows any party in interest to request, by *ex parte* application, that an order be issued "confirming that the automatic stay has been terminated" pursuant to 11 U.S.C. § 362(c). *See* this Court's decision in *In re Parker*, 336 B.R. 678 (Bankr.S.D.N.Y. 2006). Section 362(j) provides a very limited and specific type of relief. It does not authorize the Court to make determinations as to other facts or to order other prospective relief, such as whether a particular creditor will be bound by subsequent confirmation of a Chapter 13 plan, or whether a creditor is entitled to an award of attorneys' fees in connection with a Section 362(j) application. The Court's role under Section 362(j) is limited

to a review of objective criteria in the public record, and Section 362(j) does not provide for a declaration of any individual creditor's rights.

In the instant case, Citifinancial Mortgage Company (the Creditor") has submitted a request pursuant to Section 362(j), along with a proposed order. The Court finds that, pursuant to 11 U.S.C. §362(c)(3), the automatic stay terminated thirty days after the petition was filed because the Debtor had one other case pending in the year prior to the present filing. However, because the Creditor's submitted order contains more than mere clerical errors, the Court did not sign the order submitted by Creditor.[1] Nor will the Court consider Creditor's request for a determination that it will not be bound by any Chapter 13 confirmation plan pursuant to 11 U.S.C. §1327(a). Finally, the Court refuses to award attorneys' fees for preparing an *ex parte* application as part of an order under Section 362(j).

## JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. §157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984. The instant matter is a core proceeding, pursuant to 28 U.S.C. §157.

## BACKGROUND FACTS

Debra A. Murphy (the "Debtor") filed the instant Chapter 13 petition on April 19, 2006. Debtor has filed a total of three bankruptcy cases in this Court since August 20, 2004. Debtor filed case number 04-36999 on August 20, 2004. This first case closed on February 15, 2005, more than one year before the instant filing on April 19, 2006. Debtor's second case, number 05-37040, was filed on July 19, 2005 and closed on March 8, 2006, within less than one year of the

---

[1] The Court has signed and entered a subsequent, corrected order submitted by the Creditor, *see* ECF Docket NO. 17 (the "Corrected Order").

- 2 -

instant filing. Because a case filed by the Debtor was pending and dismissed within one year of the current filing, the provisions of 11 U.S.C. §362(c)(3) [2] apply to this action.

On June 14, 2006, the Creditor filed an ex parte application for a so-called "comfort order" pursuant to 11 U.S.C. §362 (j) (the "Application"). The Application requests that the Court grant the following relief: (1) the Court enter an Order declaring that the automatic stay in this case terminated on May 19, 2006, the thirtieth day after the instant bankruptcy filing; (2) that any subsequent Chapter 13 confirmation by the Debtor in this case would not be binding on this Creditor, and (3) that the Court award reasonable attorneys' fees to the Creditor in the amount of $250.00.

Also on June 14, 2006, Creditor filed a motion objecting to Debtor's plan pursuant to 11 U.S.C. §1325, alleging that the plan proposed to pay insufficient funds to satisfy post-petition obligations. By virtue of its objection, Creditor acknowledges that the Chapter 13 confirmation

---

[2] Section 362(c)(3) provides, in relevant part:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section –

\* \* \*

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and **if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed**, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) –
   **(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;**
   (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed….

(emphasis added).

process is potentially binding through its actions.  While a party is entitled to seek alternative relief, the Court is obligated to determine the reasonableness of all attorneys' fees charged to a debtor.  The objection also seeks an award of $250 in attorneys' fees for filing the objection, the same amount requested in the application for a "comfort order."  The identical fee amounts requested raises an issue as to whether the amount of $250 in attorneys' fees is reasonable, given that the legal work performed in the two instances is not identical.

Both the Creditor's Application and the proposed order annexed thereto are deficient, and contain egregious errors.  For example, the Creditor's proposed order sought relief under 11 U.S.C. §362(c)(4)(A)(ii), while the Application references 11 U.S.C. §362(c)(3).  In a more obvious error, the Application does not name the Debtor specifically, but refers instead to some unknown person named Clive Raphael. Clive Raphael does not appear to have any connection to the instant case.  The reference is almost certainly typographical.  The Court relies on the accuracy of information in applications for relief from stay, particularly in *ex parte* applications such as this one.  The Court, therefore, is understandably concerned about the accuracy and thoroughness of the Application as a whole when obvious errors like these exist.

## DISCUSSION

*Confirmation of Termination of the Automatic Stay*

This Court acknowledges that the automatic stay has terminated.  *See In re Parker*, 336 B.R. 678 (Bankr.S.D.N.Y. 2006). The Debtor's prior case was dismissed on March 8, 2006, within one year of dismissal of the Debtor's second bankruptcy filing.  Thus, Section 362(c)(3) applies, and the stay terminated in this case on the thirtieth day after the Debtor filed the petition: at latest, May 19, 2006.  Pursuant to 11 USC §362(j), the Court is required to issue an order confirming that the automatic stay has terminated and has issued the Corrected Order, succinct

and redacted, to that effect. The Court has excised language from the Corrected Order for the reasons set forth below.

### *The request that a subsequent Chapter 13 plan not bind the Creditor*

The Court will not consider the Creditor's *ex parte* request for a prospective determination that the subsequent confirmation of a Chapter 13 plan would not be binding. 11 U.S.C. §1327 provides that "the provisions of a confirmed plan bind the debtor and each creditor …whether or not…such creditor has objected to, has accepted, or has rejected the plan." The Creditor herein seeks relief from the binding effect of the Chapter 13 plan together as part of the request pursuant to §362(j), and has included such a provision in the proposed order, yet the Creditor has failed to provide the Court with any authority to support of its request.

The Court finds no justification for subverting the plain language of the Bankruptcy Code, which gives a debtor the right to cure mortgage arrears over the life of the plan of reorganization. In *Green Tree Fin. Corp. v. Garrett (In re Garrett)*, 185 B.R. 620, 623 (Bankr. N.D. Ala. 1995), the Court considered whether the termination of the automatic stay under §362(a) effected the binding effect of a subsequent order confirming a Chapter 13 Plan and concluded that "the preconfirmation lift stay order terminated the automatic stay…but does not change the binding effect of an order of confirmation..." *See also In re Sullivan*, 321 B.R. 306 (Bankr. M.D. Fla. 2005) (same). *In re W.B.Simons*, 113 B.R. 942, 949 (Bankr. W.D. Tex. 1990), cited by both *Garrett* and *Sullivan*, emphasized the binding nature of any confirmation plan of reorganization on all creditors.[3] The binding characteristic of the confirmation plan is the essential element providing the plan with credibility for all parties involved. "It is the binding effect of confirmation that breathes life into a plan." *In re W.B.Simons*, *supra*, at 949**.** The

---

[3]    While the court in *W.B. Simmons* considered various issues in conjunction with a Chapter 11 confirmation plan, the same analysis applies to this Chapter 13 case regarding the role of the confirmation plan in bankruptcy proceedings.

- 5 -

confirmation order does not necessarily enjoin creditors from pursuing state-law or contractual rights in another forum while the debtor remains in bankruptcy if such an enjoinment would create more than the debtor's actual rights in relation to her creditors. *In re Gurtz*, 76 B.R. 985 (Bankr. E.D. Pa. 1987) (plan must be consistent with other provisions of Title 11; to extent plan tried to reinstate stay without separate motion)[4]; *see also* 11 U.S.C. § 1322(b)(11) (Chapter 13 plan may include any provision "not inconsistent with" the Bankruptcy Code).

In view of the foregoing discussion, it is possible that should the Debtor confirm a feasible Chapter 13 plan after entry of the comfort order and before a foreclosure sale takes place, she may have the opportunity to cure any default on her house through the confirmed Chapter 13 Plan. *See* 11 U.S.C. §1322(c)(1). If a debtor is able to propose and confirm a Chapter 13 plan before a foreclosure sale takes place, the secured creditor may be bound thereby, regardless of whether the stay has terminated. As noted above, the Court's function under Section 362(j) is limited to "confirming" an objective fact, that the automatic stay has terminated pursuant to a provision of Section 362(c). The "order under subsection (c) confirming that the automatic stay has been terminated" is a ratification that the stay has terminated as to all creditors, not merely the creditor making the request under Section 362(j). Because termination of the stay under Section 362(c) is not the equivalent of termination of the Chapter 13 case, it is still possible for a debtor to confirm a Chapter 13 plan when the stay terminates early in the case under Section 362. Because confirmation of a Chapter 13 plan will "bind each creditor" it follows that termination of the automatic stay as to all creditors under Section 362(c) does not automatically relieve all creditors, for all purposes, from the binding effect of a subsequently confirmed Chapter 13 plan.

---

[4] Subsequent case law has overturned certain sections of *In re Gurtz* not relevant to this discussion.

Due to the extremely limited nature of the relief permitted in §362(j), the absence of notice afforded to the affected party, and the restricted function of the Court contemplated by the statute, the Court cannot hold that an order entered pursuant to 11 U.S.C. §362(j) precludes the binding effect of a subsequent confirmation of a Chapter 13 plan without notice and an opportunity for objection.  Thus, the Court will not prejudge the issue, extinguishing a potential right the Debtor may have under the Bankruptcy Code, when no notice and opportunity for hearing has been provided to the Debtor or her counsel.

### *Award of Attorneys' Fees*

Since §362(j) makes no mention of attorneys' fees, the Court will not consider whether the Creditor can recover any such fee as part of the Application under Section 362(j). If the Creditor wishes to recover attorneys' fees from the Debtor, a separate application must be filed with the Court on notice to the parties affected. In this case, the Creditor has requested a $250 fee for preparing the request for the "comfort order" and a separate fee for like amount for filing the April 14, 2006 objection to the Chapter 13 plan.  The Court will not consider an award of the fees, and the reasonableness of such fees, on an *ex parte* basis.  Although the Court is free to exercise its discretion as to the reasonableness of attorneys' fees, the Creditor has not submitted any documentation that would show that the attorneys' fees requested are reasonable.  Thus, even if an award of attorneys' fees were appropriate, the Creditor has not attempted to demonstrate that the attorneys' fees requested are reasonable.

## **CONCLUSION**

The Court has issued a redacted order tracking the language of Section 362(j) and confirming that, pursuant to 11 U.S.C. § 362(c), the automatic stay in the above-captioned case terminated as of May 19, 2006. This memorandum decision is being submitted for publication in an effort to deter future attempts to obtain "bonus relief" under the guise of an *ex parte* application under Section 362(j).

Dated:  Poughkeepsie, New York
           July 21, 2006

                                                         /s/ CECELIA G. MORRIS
                                                         Cecelia G. Morris, U.S.B.J.